1 | LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
2 | VICKI I. SARMIENTO, SBN 134047
333 N. Garfield Avenue
3 | Alhambra, California, 91801
Telephone: (626) 308-1171
4 | Facsimile: (626) 308-1101
E-mail: vsarmiento@vis-law.com

5 | LAW OFFICES OF DALE K. GALIPO
6 | Dale K. Galipo, SBN 144074
21800 Burbank Blvd., Suite 310
7 | Woodland Hills, California 91367
Telephone: (818) 347-3333
8 | Facsimile: (818) 347-34118
E-mail: dalekgalipo@yahoo.com
9 |

10 | Attorney for Plaintiff J.M.M. by and through his
Guardian Ad Litem ORLANDA CRUZ

11 |

FILED
CLERK, U.S. DISTRICT COURT

SEP 26 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

16 | J.M.M., by and through his Guardian Ad
Litem, ORLANDA CRUZ,

17 |

18 | Plaintiff,

19 | vs.

20 | COUNTY OF LOS ANGELES, JERRY
POWERS; OFFICER MARTINEZ; OFFICER
21 | WALKER, LEAH RUBKE, and DOES 1 to
22 | 10,

23 |

24 | Defendants.

CASE NO. CV14-6529 JAK-FFMx

**COMPLAINT FOR DAMAGES:**

1. Civil Rights Violations Under 42 U.S.C. §1983
2. Municipal Liability for Civil Rights Violations
3. Violations of Civil Rights for Failure to Train and Supervise (42 U.S.C. §1983)
4. Negligence/Statutory Liability
5. Negligent Training and Supervision
6. Dangerous Condition on Public Property
7. Violation of State Civil Rights

**DEMAND FOR JURY TRIAL**

1

COMES NOW, PLAINTIFF J.M.M., a minor, by and through his Guardian ad Litem ORLANDA CRUZ, and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over plaintiff's federal claims under 42 U.S.C. §1983 pursuant to 28 U.S.C. §§1331 and 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

2.  Venue is proper because these acts took place in this District.  Plaintiff filed his Notice of Government Claim with the County of Los Angeles on January 23, 2014.

## GENERAL ALLEGATIONS

3.  Plaintiff J.M.M., by his Guardian Ad Litem, Orlanda Cruz, are individuals who at all times mentioned herein resided in the County of Los Angeles, State of California.

4.  At all times herein mentioned, defendants and each of them, were and now are believed to be residents of the County of Los Angeles, State of California.

5.  At all times herein mentioned, defendants, County of Los Angeles (hereinafter "COUNTY") is and was at all relevant times mentioned herein, a municipality duly organized and existing under the laws of the State of California.  The Los Angeles County Probation Department (hereinafter "LACPD") is an official subdivision of defendant COUNTY, and all staff members employed by said department are employees of defendant COUNTY.

6.  Defendant COUNTY was at all times mentioned herein, engaged in owning, operating, maintaining, and managing Sylmar Juvenile Hall facility (Barry J. Nidorf), located in the County of Los Angeles, State of California.  All of the acts complained of herein by

2

plaintiff against defendants were done and performed by said defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment capacity.    Moreover, defendants and their agents ratified all of the acts complained of herein.

7.   Defendants JERRY POWERS, DOES 1 to 3, were at all relevant times herein administrators, policymakers, and supervisors of the "LACPD", Sylmar Juvenile Hall facility possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the juvenile detention facilities and concerning the means by which the life and safety of minors were to be secured, what criteria was to be used for housing juveniles, including consideration of segregation by security level and maintaining safeguards to prevent physical access to said minors from others who posed a direct risk of harm to them.

8.   COUNTY, POWERS, and DOES 1 to 3 failed to provide adequate security, supervision, staffing and training to protect J.M.M. from harm, even though they were aware of and had been warned about the dangers associated with his incarceration at this facility.

9.    At all times relevant herein, defendants   MARTINEZ, WALKER, LEAH RUBKE (hereafter "RUBKE"), and DOES 4 through 10, were Sylmar Juvenile Hall staff members, who were at the time of committing the acts alleged hereinafter, duly authorized employees of defendant COUNTY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of defendant COUNTY. At

3

all relevant times herein, said defendants, and each of them, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and usages of defendant COUNTY and the State of California. Defendants MARTINEZ, WALKER, RUBKE, and DOES 4 through 10 were actively engaged in employment by the COUNTY and assigned to work at Sylmar Juvenile Hall Facility. These defendants were empowered to respond to threats to the life and safety of plaintiff J.M.M., to make decisions regarding his housing, and whether or not to transfer J.M.M. and keep him away from the perpetrators whose names are unknown at this time, but are known to Defendants.

10. All times mentioned hereto, defendant COUNTY was and is a Municipal corporation duly organized and existing under the laws of the State of California. Defendant COUNTY is sued in its own right under 42 U.S.C. §1983 because its policies, customs and practices caused the constitutional violations claimed by plaintiff herein.

11. Plaintiff is informed and believes, and thereupon alleges that, at all times relevant herein, defendants POWERS, MARTINEZ, WALKER, RUBKE, and DOES 1 to 10 were residents of the County of Los Angeles, State of California, and were employee agents, policy makers and representatives of the LACPD, as well as employees, agents and representatives of defendant COUNTY. At all times relevant hereto, said defendants were acting within the course and scope of their employment as civilian employees, policy makers and representatives of the LACPD, a department and subdivision of defendant COUNTY, and the wrongful acts hereinafter described flow from the very exercise of their authority.

4

12.   At all times herein mentioned all defendants, named and unnamed, were and are duly appointed agents, and /or employees of defendants COUNTY.

13.   At all times herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant named and unnamed in this complaint.

14.   The true names and capacities, whether individual, corporate, association or otherwise of defendants DOES 1 through 10, inclusive, are unknown to plaintiff who otherwise sues these defendants by such fictitious names.  Each defendant is sued individually and in his/her official capacity as defined in the present complaint.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained.  Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.  Plaintiff J.M.M., a 16 year-old minor, was a juvenile who was charged with a sex related offense.   Prior to the beating which is the subject of this complaint, Plaintiff had been threatened with violence.  Despite knowledge of the threats on Plaintiff, Defendants failed to protect him against violence.

16.  As a result of the beating, plaintiff J.M.M. has sustained severe traumatic brain injury and nearly died.  He remains severely impaired from the date of the incident to the present date.  Plaintiff J.M.M. is unable to speak or walk, or perform daily activities of life.  Until recently, Plaintiff was fed through a feeding tube and was unable to breathe on his own.

COMPLAINT FOR DAMAGES

Plaintiff has no control of his bodily functions must be kept in diapers and needs around the clock attendant care.

17.  Through a series of acts and omissions evidencing intentional or grossly negligent disregard to LACPD's own policies and procedures which required supervision of Plaintiff J.M.M., and/or prohibited the disclosure of his criminal offense to other juvenile inmates, Defendants acted with deliberate indifference to the safety of J.M.M. by failing to protect him from harm and/or by disclosing the nature of his charges to other juveniles.

18.  In doing the acts and failing and/or omitting to act as hereinafter described, Defendants and each of them, were acting on the implied and/or with the actual permission and consent of the defendant COUNTY.

19.  The Plaintiff complied with the claims statute, Government Code Section 810 by filing a claim with the County of Los Angeles on January 23, 2014.  Said claim was denied by the County of Los Angeles on February 19, 2014.

## FACTUAL ALLEGATIONS

20. On or about July 23, 2013, plaintiff J.M.M., was in the custody of Sylmar Juvenile Hall facility located in Sylmar, California.

21. On or about July 23, 2013, plaintiff J.M.M. was severely beaten by one or more juveniles who learned that J.M.M. was in custody for a sex offense allegedly involving a minor.  Based on information and belief, the disclosure of J.M.M.'s criminal offense was made by MARTINEZ, WALKER, and DOES 4 to 6, who knew or should have known of the

foreseeable risk of harm that would result to J.M.M. at the hands of other juvenile inmates once the disclosure of the nature of the criminal offense was made.

22.  Approximately two weeks prior to the July 23, 2013 incident, MARTINEZ struck J.M.M. in the chest, back and stomach area and singled him out because of the nature of the criminal offense for which he was incarcerated.   MARTINEZ, WALKER, and DOES 4 to 6, taunted J.M.M. and threatened to disclose his criminal charge to other juvenile inmates so that he could be beaten by them.   Thereafter, J.M.M. was receiving threats of violence by the inmates.

23.  On information and belief, Plaintiff J.M.M. reported the threats to Defendant LEAH RUBKE, a staff member in the COUNTY's mental health department.

24.  Defendants MARTINEZ, WALKER, RUBKE, and DOES 4 to 10 had a duty to protect plaintiff J.M.M. from the harm that resulted from the disclosure of his criminal offense to other juvenile inmates. However, these Defendants' took no action to protect him after the disclosure occurred.

25.  Defendants were aware of the danger posed by the disclosure of J.M.M.'s criminal offense and as such, had a duty to protect the plaintiff from the attack, and/or by providing adequate monitoring, checking and supervision of J.M.M. to prevent the attack.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

(Against Defendants Martinez, Walker, and Rubke and DOES 4 to 10)

26.  Plaintiff realleges and incorporates by reference, as though fully set forth herein,

7

each and every allegation set forth in paragraphs 1 through 25.

27. This cause of action is brought pursuant to 42 U.S.C. Section 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff was deprived of his liberty interests and due process rights, and his right to be free from cruel and unusual punishment because it is the duty of the detaining facility or an incarcerating entity to take reasonable measures to guarantee the safety of a detainee and/or prisoner. In this regard, severe injury suffered by Plaintiff was cruel and unusual punishment and a deprivation of his liberty interests.

28. On or before July 23, 2013, Plaintiff believes and thereon alleges that there was in existence at the LACPD, Sylmar Juvenile Camp, and at Central Juvenile Detention Facility an administrative manual, a written compilation of policies and procedures, and orally conveyed department policies regarding the issues of supervision and protection of vulnerable juveniles from other dangerous inmates. These policies and procedures also dictated what procedures were to be observed to ensure a minor's safety, what manner of evaluation should be employed to assess the seriousness of threats or risks of harm to a minor, and what precautions were to be taken to protect the life and safety of such minors from physical violence by other minors.

29. On or before July 23, 2013, Plaintiff J.M.M. should have been segregated and/or protected him from other inmates based on threats made against Plaintiff which Plaintiff disclosed to Defendants MARTINEZ, WALKER, RUBKE, and DOES 4 to 6.

30.   On or about July 23, 2013, defendants MARTINEZ, WALKER, RUBKE, and DOES 4 through 10, acting in conscious and reckless disregard for plaintiff's rights and safety, and in complete derogation of their responsibilities, did under color of law, knowingly and/or intentionally engage in the following acts and omissions:

1.  Failing to keep plaintiff J.M.M, away from other juveniles despite the fact that J.M.M., had complained of the threats made against him;

2.  Permitting dangerous inmates to have physical access to Plaintiff even after learning about the threats and violence made against Plaintiff;

3.  Failing to monitor and supervise plaintiff J.M.M. as required by LACPD's own policies and by law;

4.  Failing to provide sufficient staff at the unit where Plaintiff was housed;

5.  Failing to provide necessary and appropriate security measures; and

6.  Failing to provide appropriate personnel necessary for the safety, welfare and protection of the Plaintiff.

31.  In this manner, defendants, MARTINEZ, WALKER, RUBKE, including DOES 1 through 10, under color of law, failed to protect Plaintiff's life and safety, to which Plaintiff had a constitutional right, and thereby caused plaintiff to be exposed to physical danger resulting in severe injuries to Plaintiff.

32.  On information and belief, defendants, MARTINEZ, WALKER, RUBKE, and DOES 4 to 10 acted as they did in part because they knew or were otherwise aware that they would not be disciplined or punished for their conduct and that their conduct would otherwise

9

be ratified and condoned by their superiors, including defendants COUNTY, JERRY POWERS, and DOES 1 to 3.

33. As a proximate result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff suffered severe physical and emotional harm that will detrimentally affect him for the rest of his life.

34. As a proximate result of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff sustained great mental pain, suffering, fear, anxiety, anguish, and emotional distress.

35. By reason of the aforementioned acts and omissions by Defendants, and each of them, Plaintiff has incurred and will continue to incur special damages, loss of earning capacity, and incidental expenses in an amount to be proven at trial.

36. The aforementioned acts of said individual Defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants.

37. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

///

///

10

## SECOND CLAIM FOR RELIEF

## MUNCIPAL LIABILITY FOR VIOLATION OF CIVIL RIGHTS

### (Against Defendant COUNTY)

38. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 37.

39. Defendant COUNTY, through its administrators and decision makers, knowingly, recklessly, and with reckless disregard for the safety and well-being of juvenile inmates, including Plaintiff J.M.M., promulgated, created, maintained and enforced a series of policies, procedures, customs and practices which either facilitated inmate on inmate violence.

40. These policies, procedures, customs, and practices of the COUNTY were the moving forces behind the de facto custom and practice of permitting and condoning individual staff members, including Defendants WALKER, MARTINEZ, RUBKE, and DOES 4 through 10, of disregarding the safety of minors similarly situated as Plaintiff who require protection from violence by other minors known to pose a threat of physical harm.

41. Defendant COUNTY had long been aware of problems at its juvenile facilities which created concern for the constitutional rights and safety of juvenile wards. The conditions at Sylmar and other Juvenile Detention Centers in Los Angeles County led to the U.S. Department of Justice investigating those conditions and entering into an agreement with the COUNTY on August 24, 2004 as to how the concerns would be resolved. In spite of the investigation and agreement, the poor conditions for wards and violations of their rights

11

persisted at Sylmar and other County Facilities, leading to the tragic injuries suffered by Plaintiff.

42. In addition to the Department of Justice investigation, Defendant COUNTY was placed on notice of the poor conditions and lack of supervision leading to inmate on inmate violence at its Juvenile Facilities by prior claims and/or lawsuits including *Nathaniel Marshall v. Los Angeles County, et. al.*, Case No. BC430969.

43. Defendant COUNTY acting through its administrators, management, supervisors, employees, and/or agents on staff at Sylmar Juvenile Hall violated their duty to provide reasonable protection from harm to Plaintiff, and created dangerous conditions which injured Plaintiff by, including but not limited to, each of the following: (1) exceeding the appropriate staff-to-inmate ratio; (2) failing to maintain video surveillance; (3) inadequate training the staff in controlling violence; (4) inadequate training the staff in behavior management and violence reduction techniques; and (5) inadequate training staff in recognition and response to gang violence.

44. The custom, policy, practice and procedures described herein were a legal cause of Plaintiff's injuries and each Defendant, acting in accord with this custom, practice, policy and procedure acted with deliberate indifference to the rights of the plaintiff, acted recklessly and intentionally, under color of law, by showing conscious disregard for the life and safety of Plaintiff J.M.M., violated his constitutional rights, and proximately caused the damages set forth in the incorporated paragraphs, all in violation of 42 U.S.C. §1983.

12

45. By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff J.M.M. has been caused to incur medical expenses, loss of future earning capacity, and other damages in an amount to be proven at the time of trial.

46. By reason of the aforementioned acts of Defendant COUNTY, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF

### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 FOR

### FAILURE TO TRAIN AND SUPERVISE

(Against Defendants COUNTY, JERRY POWERS and DOES 1-3)

47. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 46.

48. This cause of action is brought pursuant to 42 U.S.C. Section 1983 and Eighth and Fourteenth Amendments of the United States Constitution.

49. At all relevant times, Defendants COUNTY, JERRY POWERS, and DOES 1 to 3, knew or should have known of the acts of its employees as complained of herein occurring at their detention facilities, including Sylmar Juvenile Hall. As a means, method, practice, policy or custom of arbitrarily housing juveniles in disregard for their safety and well being, Defendants COUNTY, JERRY POWERS, and DOES 1 to 3, consciously disregarded their

13

duties, failed to adequately investigate, discover, discipline and/or correct such actions or practices, thereby causing violation of Plaintiff's Constitutional rights as hereinabove set forth and his injuries.

50. Prior to the incidents alleged herein, Defendants COUNTY, POWERS, and DOES 1 to 3, in the course and scope of their employment with defendant COUNTY and LACPD, facilitated, permitted, ratified and condoned similar acts of assaults, neglect, and cruelty, and were deliberately indifferent to the safety of minors like plaintiff J.M.M. Defendants COUNTY, JERRY POWERS, and DOES 1 to 3, knew or in the exercise of reasonable care should have known of this practice, pattern, or policy of institutional violations, and additionally, of the existence of facts and situations which created the potential for unconstitutional acts. Said Defendants had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to persons, such as Plaintiff, but failed to take action to properly train, instruct, supervise, or discipline staff members other employees assigned to its juvenile hall facilities. As a result thereof, Plaintiff was harmed, injured and damaged in the manner alleged herein.

51. At all times mentioned herein and prior thereto, Defendants COUNTY, JERRY POWERS, and DOES 1 to 3, had the duty to train, instruct, supervise and discipline staff members to ensure that they respected and did not violate federal constitutional and statutory rights of minors in custody in their juvenile hall facilities, and to objectively investigate violations of said rights such as the following:

    a. the right to be free of infliction of injury and from assault;

14

b.  the right to be safe and protected from injury while in defendants' custody;

c.  the right to be protected by the staff members while under their control;

52.  Defendants COUNTY, JERRY POWERS, and DOES 1 to 3 breached their duties by failing to train, instruct, supervise, or discipline their staff members, including MARTINEZ, WALKER, RUBKE, DOES 4 to 10, on the violation of plaintiff's and other minors' constitutional rights as alleged herein.

53.  The conduct of said defendants has been ratified, authorized or otherwise condoned by each of them in their official and individual capacities.

54.  By reason of the aforementioned acts and omissions of defendants, and each of them, Plaintiff has been caused to incur medical expenses and future loss of earning capacity in an amount to be proven at the time of trial.

55.  By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

56.  The aforementioned acts of said individual Defendants, and each of them, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants, but not as to Defendant COUNTY.

///

///

15

## FOURTH CLAIM FOR RELIEF

### (For Negligence/Statutory Liability Against Defendants COUNTY, MARTINEZ, WALKER, RUBKE, and DOES 1 to 10)

57.     Plaintiff J.M.M., alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     Plaintiff, at all material times, was in a "special relationship" with Defendant COUNTY, MARTINEZ, WALKER, RUBKE and DOES 1 to 10, while he was a ward of the COUNTY, and in the custody of the COUNTY and its agents and employees. The special relationship obligated these Defendants to protect Plaintiff from danger, because, as juvenile ward, he was unable to protect himself. Moreover, these Defendants had notice of the actual danger to Plaintiff from other juvenile wards who had been threatening him.

59.     Defendants COUNTY, acting through MARTINEZ, WALKER, RUBKE and DOES 1 to 10, had an on-going relationship with the minor Plaintiff, and had a duty to exercise reasonable care in investigating J.M.M.'s complaints, and had a duty to protect and warn Plaintiff of the dangerous qualities of his attackers. Defendant COUNTY is subject to liability pursuant to Cal. Gov't Code § 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Defendant COUNTY'S employees responsible for the acts or omissions are MARTINEZ, WALKER, RUBKE, and DOES 1 to 10.

16

60. Moreover, Defendant's COUNTY, acting through MARTINEZ, WALKER, RUBKE, and DOES 1 to 10, and each of them, were under statutory duty to protect minors, and a duty to summon medical care pursuant to Government Code Section 845.6 when they knew or should have known of an assault on a minor such as J.M.M.

61. Plaintiff is informed and believes and thereon alleges that Defendants MARTINEZ, WALKER, RUBKE, and DOES 1 to 10 violated duties imposed by Penal Code Section 11166 et. seq. (Child Abuse and Neglect Reporting Act).

62. Penal Code Section 11166(a) mandates reporting of child abuse or neglect when he/she has "knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect".

63. Penal Code Section 11166(f) states as follows: "Any mandated reporter who knows or reasonably suspects that the home or institution in which a child resides is unsuitable for the child because of abuse or neglect of the child shall bring the condition to the attention of the agency to which, and at the same as, he or she makes a report of the abuse or neglect pursuant to subdivision (a)."

64. Penal Code Section 11166(j) states in pertinent part: "A county probation or welfare department shall immediately, or as soon as practicably possible, report by telephone, fax, or electronic transmission to the law enforcement agency having jurisdiction over the case to the agency given the responsibility for investigation of cases under Section 300 of the Welfare and Institutions Code, and to the district attorney's office every known or suspected instance of child abuse or neglect, as defined in Section 11165.6…".

17

65.     Defendants MARTINEZ, WALKER, RUBKE, and DOES 1 to 10 were provided information regarding the threats and physical abuse inflicted on Plaintiff J.M.M., Defendants COUNTY, acting through it agents, failed to comply with Penal Code Section 11166 et. seq., and did not report the abuse. Instead, they permitted the abuse to go unabated.

66.     Moreover, there were obvious signs of abuse, including bruising on Plaintiff J.M.M. who was physically abused by MARTINEZ. Defendant's agents, including WALKER, RUBKE, and DOES 4 to 10 were in a position to observe these obvious signs of abuse and they also failed to comply with the mandated reporting requirements of Penal Code Section 11166 et. seq.

67.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' violations of the statutory duties set forth above, and Defendants' failure to warn of the dangerous qualities of the perpetrators housed at Sylmar Juvenile Hall, plaintiff was caused to be savagely attacked. Plaintiff suffered severe traumatic brain injury, paralysis, and other serious permanent and lifelong injuries.

68.     Defendants, and each of them, violated their duties in failing to properly supervise the perpetrators who posed a risk to the Plaintiff and who had threatened Plaintiff with violence. Despite this knowledge, Defendants permitted the perpetrators to have access to Plaintiff and facilitated the attack on Plaintiff.

69.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendants MARTINEZ, WALKER, RUBKE and DOES 4 to 10 were unfit and unqualified to supervise and oversee the juveniles detained in the detention facilities, and were

18

unqualified to care for the Plaintiff and others who were also abused at said juvenile detention centers.  Said Defendants, and each of them, violated mandatory statutory duties in failing to properly supervise the perpetrators who posed a risk to the Plaintiff and other vulnerable minors housed at said juvenile detention facilities.

70.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 to 3, failed to perform a thorough and complete investigation of the abuse suffered by the Plaintiff and others minors housed at Sylmar Juvenile Hall.  These Defendants also failed to perform a thorough and complete investigation of the background of Defendants MARTINEZ, WALKER, RUBKE, and DOES 4 to 10 who were unqualified to supervise and monitor the minors at the COUNTY juvenile detention facilities.  Furthermore, these Defendants failed to protect Plaintiff J.M.M., from harm and failed to ensure his safety, and failed to properly and adequately supervise and/or monitor the care that was being provided to Plaintiff and other minors despite knowledge of prior abuse at Sylmar Juvenile Hall.

71.    As a direct and proximate result of said acts or omissions, Plaintiff sustained special and general damages in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Against Defendants COUNTY, POWERS and DOES 1 to 10)

72.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

19

73.    COUNTY's employees, including MARTINEZ, WALKER and RUBKE, were unfit and incompetent to perform the work for which they were hired.

74.    POWERS and DOES 1 to 10 knew or should have known that COUNTY's employees, including MARTINEZ, WALKER and RUBKE, were unfit and incompetent and that this unfitness or incompetence created a particular risk to others. The negligence of POWERS and DOES 1 to 10 in training, supervising, and retaining, COUNTY's employees, including MARTINEZ, WALKER and RUBKE, was a substantial factor in causing the harm of J.M.M.

75.    COUNTY is vicariously liable for the wrongful acts of its employees, including POWERS, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76.    The conduct of COUNTY employees, including POWERS and DOES 1 to 10, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of J.M.M. entitling him to an award of exemplary and punitive damages.

///

///

//

20

## SIXTH CLAIM FOR RELIEF

### Dangerous Condition of Public Property (Gov't Code §835)
### (Against All Defendants)

77.    Plaintiff incorporates herein the allegations of paragraphs 1 through 76, above, as though fully set forth.

78.    The County of Los Angeles public property, Sylmar Juvenile Hall, was in a dangerous condition in that there was insufficient protection provided to the minor inmates from harm proximately caused by, but not limited to:  (1) inadequate staff-to-inmate ratio; (2) insufficient training of staff in behavior management and violence reduction techniques; (3) insufficient training of staff in recognition and response to gang dynamics and gang violence; and (4) insufficient training of staff in performance of emergency first aid.

79.    Defendant COUNTY acting through its agencies, departments, management, employees and/or agents had a duty to provide an environment free from dangerous conditions created by the public entity for the benefit of the minor inmates at Sylmar Juvenile Hall.

80.    Defendant COUNTY, WALKER, MARTINEZ, RUBKE, and DOES 1 to 10, had actual and constructive notice of the dangerous conditions of public property, and that those conditions presented the risk of serious harm to Plaintiff.  Despite having knowledge, Defendants failed to take reasonable measures to abate these risks of harm.

21

The dangerous conditions have existed, and continue to exist at Sylmar Juvenile Hall and other COUNTY Juvenile Detention Centers as evidenced by reports to the COUNTY as a result of Federal Department of Justice investigation, prior claims, and prior lawsuits, placing Defendant COUNTY, and relevant departments and personnel, on notice of the dangerous conditions which caused Plaintiff's injuries for a sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous conditions.

81.    Defendants breached their duty to Plaintiff by creating and allowing the above described dangerous conditions to exist, and those conditions were the proximate and legal cause of Plaintiff's injuries.  There was an inadequate staff-to-inmate ratio at the time Plaintiff was injured, and he was attacked by multiple inmates with an insufficient number of staff reacting to the attack.  The staff at Sylmar failed to recognize the threat of harm to Plaintiff even after he complained of the threats, and this failure to recognize and respond properly to the threats of harm to Plaintiff proximately caused and/or contributed to his injuries.

82.    As a result of the injuries sustained by Plaintiff, he is entitled to general and special damages according to proof at the time of trial.

///

///

///

## SEVENTH CLAIM FOR RELIEF

### (Violation of State Civil Rights – Against All Defendants)

83.    Plaintiff incorporates herein the allegations of paragraphs 1 through 82, above, as though fully set forth.

84.    All Defendants, including DOES 1 to 10, are individuals who were acting under color of law in maintaining and supervising the facilities of the COUNTY for the incarceration of juvenile offenders, including Sylmar Juvenile Hall.   Defendant COUNTY is vicariously liable for these Defendants' conduct under Government Code Section 815.2.

85.    As a result of the conduct of said Defendants, and each of them, as adopted and incorporated by paragraphs previously set forth, Defendants violated Plaintiff's personal and civil rights, including the right of protection from personal and physical insult and violation, as set forth in California Civil Code Section 43, including, but not limited to, failing to protect Plaintiff from known risk of harm created by and known by Defendants.

86.    The acts of Defendants previously alleged in this Complaint and incorporated herein to the extent applicable, interfered, or attempted to interfere with the exercise of Plaintiff's personal and civil rights under the laws and Constitution of the State of California, including the Plaintiff's rights under Civil Code Section 43.

23

87.     As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages, including but not limited to, serious physical injury, great emotional and psychological distress, humiliation and mental anguish.

88.     These violations of the Plaintiff's personal and civil rights by Defendants, and DOES 1 to 10, are protected and guaranteed by California Civil Code Section 52.1 entitling Plaintiff to damages and relief, including damages under California Civil Code Section 52, other equitable relief, punitive damages, statutory civil penalty (including $25,000 as to each individual Defendant) and attorney's fees (pursuant to Civil Code Section 52.1(h)), all of which are requested herein.

89.     In doing the acts alleged in this Complaint, Defendants knew or should have known, that their actions were likely to injure and damage Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that the individual Defendants intended to cause him injury and damage, and/or acted with willful and conscious disregard of Plaintiff's rights, thus entitling Plaintiff to recover punitive damages as against said individual Defendants.

///

///

///

24

**WHEREFORE,** plaintiff prays for judgment against defendants, and each of them, as follows:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.  For exemplary damages as against those individual defendants in an amount sufficient to deter and to make an example of those defendants;

4.  For costs of suit and reasonable attorneys fees pursuant to 42 U.S.C. §1988 on Plaintiff's federal claims; and reasonable attorneys fee pursuant to Civil Code Section 52.1 (h) under Plaintiff's Sixth Claim for Relief.

5.  For such other and further relief as the Court may deem just and proper.

DATED:  August 19, 2014                LAW OFFICES OF VICKI I. SARMIENTO

VICKI I. SARMIENTO
Attorney for Plaintiff

25

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiff J.M.M., a minor by and through his Guardian Ad Litem, ORLANDA CRUZ hereby formally demands a trial by jury.

DATED:  August 19, 2014                           LAW OFFICES OF VICKI I. SARMIENTO

VICKI I. SARMIENTO
Attorney for Plaintiff

26

COMPLAINT FOR DAMAGES